IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| JUAN R. MCCULLUM and | : | 18 U.S.C. § 2261A(2)(B) |
| DORENE BROWNE-LOUIS | : | (Cyberstalking) |
| Defendants. | : | |
| | : | 18 U.S.C. § 1512(c)(1), (2) |
| | : | (Obstruction of Justice) |

## INDICTMENT

The Grand Jury charges that:

### Introduction

At all times relevant to this Indictment:

1. Between in or about April 2015 and in or about June 2016, defendant JUAN R. MCCULLUM ("MCCULLUM") was employed by United States House of Representatives Delegate S.P. ("Delegate S.P.") in Delegate S.P.'s legislative office in Washington, D.C.

2. Between on or about March 22, 2016, and on or about March 23, 2016, during the course of MCCULLUM's employment with Delegate S.P., MCCULLUM offered to assist Delegate S.P. in repairing her malfunctioning password-protected cellular phone ("iPhone") by taking her iPhone to a local Apple store. Delegate S.P. agreed and provided MCCULLUM with her iPhone and the password to her iPhone solely for the purpose of having her iPhone repaired. Delegate S.P.'s iPhone contained private nude images and videos of both Delegate S.P. and Delegate S.P.'s husband, J.B.S. (collectively, in whole or in part, "the Nude Images and Videos"). Delegate S.P. never gave MCCULLUM permission or consent to take, copy, or

distribute any information on her iPhone, including the Nude Images and Videos. In or about June 2016, MCCULLUM left the employ of Delegate S.P.

The Cyberstalking

3. On or about July 2, 2016, MCCULLUM created a Hotmail email account using the fictitious name "Susan Ricenville" (the "Susan Ricenville Hotmail account"). Between on or about July 2, 2016, and on or about July 21, 2016, MCCULLUM, using the Susan Ricenville Hotmail account, sent at least eleven email messages to multiple persons, including politicians, members of the media, and other persons known to Delegate S.P. In at least ten of these eleven emails, MCCULLUM attached one or more of the Nude Images and Videos taken from Delegate S.P.'s iPhone without Delegate S.P.'s permission or consent. MCCULLUM sent emails attaching one or more of the Nude Images and Videos on or about the following dates and times:

    a. July 2, 2016 at 08:35 UTC

    b. July 2, 2016 at 15:11 UTC

    c. July 3, 2016 at 02:54 UTC

    d. July 5, 2016 at 17:46 UTC

    e. July 6, 2016 at 16:40 UTC

    f. July 6, 2016 at 16:51 UTC

    g. July 8, 2016 at 00:48 UTC

    h. July 8, 2016 at 01:10 UTC

    i. July 8, 2016 at 18:23 UTC

    j. July 21, 2016 at 00:47 UTC.

4. During that period, MCCULLUM accessed the Susan Ricenville Hotmail account regularly, using his cellular phone and computer, while in the state of Mississippi and the District of Columbia.

5. On or about July 17, 2016, MCCULLUM created a Facebook account using the fictitious name "Susan Ricenville" (the "Susan Ricenville Facebook account"). Between on or about July 17, 2016, and on or about July 21, 2016, MCCULLUM uploaded to the Susan Ricenville Facebook account profile page several of the Nude Images and Videos taken from Delegate S.P.'s iPhone without Delegate S.P.'s permission or consent. Using the Susan Ricenville Facebook account, MCCULLUM also "friended" numerous other Facebook accounts, including the Facebook accounts of politicians in Delegate S.P.'s congressional district and other persons known to Delegate S.P. These persons included politicians who were competing with Delegate S.P. in the Democratic Party Primary (that was held on August 6, 2016) and the General Election.

6. Between on or about July 17, 2016, and on or about July 21, 2016, MCCULLUM used the Susan Ricenville Facebook account to distribute several of the Nude Images and Videos taken from Delegate S.P.'s iPhone without Delegate S.P.'s permission or consent and to send numerous Facebook messages and posts about the Nude Images and Videos. Using the Susan Ricenville Facebook account, MCCULLUM encouraged others on Facebook to redistribute the Nude Images and Videos throughout Delegate S.P.'s congressional district. Between on or about July 17, 2016, and on or about July 21, 2016, MCCULLUM, using the Susan Ricenville Facebook account, posted several Nude Images and Videos taken from Delegate S.P.'s iPhone

without Delegate S. P.'s permission or consent onto public Facebook groups that promoted activities and news related to Delegate S.P.'s congressional district.

7. During that period, MCCULLUM accessed the Susan Ricenville Facebook account regularly, using his cellular phone and computer while in the District of Columbia.

8. Between on or about January 3, 2015, and in or about April 2016, defendant DORENE BROWNE-LOUIS ("BROWNE-LOUIS") was employed as a staffer for Delegate S.P. in her legislative office in Washington, D.C.

9. Between on or about July 2, 2016, and on or about July 22, 2016, MCCULLUM sent text messages from his cellular phones to BROWNE-LOUIS's cellular phone that reflected MCCULLUM's use of the Susan Ricenville Hotmail and Facebook accounts to distribute derogatory statements about Delegate S.P. and Delegate S.P.'s husband, J.B.S., and to distribute several of the Nude Images and Videos. During this period, MCCULLUM also sent BROWNE-LOUIS four email messages from the Susan Ricenville Hotmail account containing derogatory statements about Delegate S.P. and Delegate S.P.'s husband, J.B.S., and attaching several of the Nude Images and Videos taken from Delegate S.P.'s iPhone without Delegate S.P.'s permission or consent. MCCULLUM sent text messages from his cellular phone to BROWNE-LOUIS's cellular phone before and after he sent email messages containing several of the Nude Images and Videos to BROWNE-LOUIS from the Susan Ricenville Hotmail account.

## Obstruction of Justice

10. On or about July 6, 2016, federal law enforcement officers initiated a federal criminal investigation, including a federal grand jury investigation, into the unauthorized distribution and publication of several of the Nude Images and Videos taken from Delegate S.P.'s iPhone without Delegate S.P.'s permission or consent.

11. As part of the criminal investigation, between on or about November 8, 2016, and on or about November 22, 2016, federal law enforcement officers interviewed BROWNE-LOUIS on multiple occasions. During these interviews, BROWNE-LOUIS made numerous false and misleading statements about her knowledge of MCCULLUM's activities, including MCCULLUM's use of the Susan Ricenville Hotmail and Facebook accounts. In these interviews, BROWNE-LOUIS falsely told federal law enforcement officers, among other things, that she did not know that MCCULLUM was involved in the distribution of images related to Delegate S.P. and that she did not delete messages on her cellular phone related to MCCULLUM or Delegate S.P.

12. A forensic examination of BROWNE-LOUIS's cellular phone revealed that BROWNE-LOUIS had received numerous text messages and phone calls from MCCULLUM between on or about July 2, 2016, and July 22, 2016, and those text messages showed that MCCULLUM controlled the Susan Ricenville Hotmail and Facebook accounts. The forensic examination of BROWNE-LOUIS's cellular phone also revealed that certain text messages on her phone relating to MCCULLUM and Delegate S.P. had been selectively deleted, including text messages between BROWNE-LOUIS'S cellular phone and MCCULLUM's cellular phone discussing the Nude Images and Videos taken from Delegate S.P.'s iPhone without Delegate

S.P.'s permission or consent. These deleted text messages were recovered through a computer forensic analysis.

13. On or about November 22, 2016, BROWNE-LOUIS testified before a federal grand jury empaneled in the District of Columbia about MCCULLUM and her knowledge of his distribution of the Nude Images and Videos in July 2016. BROWNE-LOUIS provided false, incomplete, and misleading testimony to the federal grand jury about MCCULLUM and her knowledge of his distribution of the Nude Images and Videos. These false and misleading statements included, but were not limited to: (1) that BROWNE-LOUIS did not have any discussion with MCCULLUM about the Nude Images and Videos prior to receiving the material by email from "Susan Ricenville"; (2) that BROWNE-LOUIS was unaware of who was responsible for distributing the Nude Images and Videos; (3) that BROWNE-LOUIS did not know who was using the name "Susan Ricenville"; and (4) that BROWNE-LOUIS did not know that MCCULLUM wanted to seek revenge against Delegate S.P.

## COUNT ONE
### (Cyberstalking)

14. Paragraphs one through nine are incorporated by reference here.

15. Between on or about July 2, 2016, and on or about July 22, 2016, in the District of Columbia, and elsewhere, the defendant, JUAN R. MCCULLUM, with the intent to injure, harass, and intimidate Delegate S.P., used an interactive computer service or electronic communication service or electronic communication system of interstate commerce, including a Hotmail email account and a Facebook account, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Delegate S.P., her spouse, J.B.S., and another immediate family member of Delegate S.P., all in violation of Title 18, United States Code, Section 2261A(2)(B).

**(Cyberstalking,**
in violation of Title 18, U.S. Code, Section 2261A(2)(B))

## COUNT TWO
### (Cyberstalking)

16. Paragraphs one through nine are incorporated by reference here.

17. Between on or about July 2, 2016, and on or about July 22, 2016, in the District of Columbia, and elsewhere, the defendant, JUAN R. MCCULLUM, with the intent to injure, harass, and intimidate J.B.S., used an interactive computer service or electronic communication service or electronic communication system of interstate commerce, including a Hotmail email account and a Facebook account, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to J.B.S., his spouse, Delegate S.P., and another immediate family member of J.B.S., all in violation of Title 18, United States Code, Section 2261A(2)(B).

**(Cyberstalking,**
in violation of Title 18, U.S. Code, Section 2261A(2)(B))

## COUNT THREE
### (Obstruction of Justice)

18. Paragraphs one through thirteen are incorporated by reference here.

19. Between on or about July 2, 2016, and on or about November 22, 2016, in the District of Columbia and elsewhere, the defendant, DORENE BROWNE-LOUIS, did corruptly alter, destroy, mutilate, and conceal certain records, documents, and electronic records from her cellular phone, and attempt to do so, with the intent to impair the availability of that material for use in an official proceeding, that is, a federal grand jury investigation, all in violation of Title 18, United States Code, Section 1512(c)(1).

**(Obstruction of Justice,**
in violation of Title 18, U.S. Code, Section 1512(c)(1))

## COUNT FOUR
### (Obstruction of Justice)

20. Paragraphs one through thirteen are incorporated by reference here.

21. Between on or about July 2, 2016, and on or about November 22, 2016, in the District of Columbia and elsewhere, the defendant, DORENE BROWNE-LOUIS, did corruptly attempt to obstruct, influence, and impede an official proceeding, that is, a federal grand jury investigation, (a) by making false and misleading statements to federal law enforcement officers; and (b) by making false and misleading statements to a federal grand jury, all in violation of Title 18, United States Code, Section 1512(c)(2).

**(Obstruction of Justice,
in violation of Title 18, U.S. Code, Section 1512(c)(2))**

A TRUE BILL:

FOREPERSON.

*Channing D. Phillips/JPH*
Attorney of the United States in
and for the District of Columbia.